1 So.2d 601

**JACKSON et al. v. STATE.**

**8 Div. 2.**

Court of Appeals of Alabama.

March 4, 1941.

Rehearing Denied March 25, 1941.

William Stell, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The appellants were convicted in the trial court for having "unlawfully engaged in gaming on Sunday." Code 1923, Sec. 5539.

It was proven for the State that the appellants and others were gambling at dice in the yard of one of the participants, at about 3 o'clock Sunday morning. It was contended by appellants, and such was their evidence, that they were not gaming but were just rolling the dice for "fun"— thus the point in controversy.

At the conclusion of the evidence, the able solicitor, in arguing to the jury, sought to make the point that the defendants would be guilty even though they were not gambling or betting, that the act of rolling of dice on Sunday constituted gaming. Upon proper motion by defendants' counsel, this statement was by the court, without further comment, excluded.

After the jury had retired and deliberated upon the case for about two hours, and without having reached a verdict, they returned to the court room and requested additional instructions as to (quoting the words of the foreman of the jury) "what constitutes gaming on Sunday, does the rolling of dice constitute gaming on Sunday without gambling?" In answer to this pertinent inquiry, the court, among other things, instructed them, to wit: "Well,

gentlemen of the jury, if two or more persons play a game of shooting dice on Sunday, that constitutes gaming within the meaning of the statute, whether they bet money on the game or not."

Thus it appears that the court finally adopted the solicitor's argument as a correct statement of the law. In this we think there was error to the substantial prejudice of the appellants.

In order to constitute the offense of gaming on Sunday, as denounced by the statute, there must be more than the mere "rolling of dice." By the terms of the statute, Code, supra, Sec. 5539, certain acts are prohibited on Sunday, among which are "card playing" and "domino playing", but —strange as it may seem—the playing or "rolling" of dice is not therein proscribed —unless in the doing thereof the participants are guilty of gaming.

Gaming has been variously defined. Webster's New International Dictionary, 2d Ed. p. 1030, gives a sufficient definition, to wit: "Act or practice of playing games for stakes or wagers; gambling." See also 27 C.J. p. 977, Secs. 51 to 54; 24 Am. Jur. p. 406, Sec. 12 et seq.

It is our conclusion from these observations that the incorrect instruction, above, given to the jury by the learned trial judge was error prejudicial to the appellants and a reversal of the judgments of conviction is due. So ordered.

Reversed and remanded.